(No. 3636—

Virgil White, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 8, 1942.*

R. M. Michaelree, for claimant.

George F. Barrett, Attorney General; Robert V. Ostrom, Assistant Attorney General, for respondent.

Eckert, J.

On May 6, 1941, the claimant, Virgil White, was an employee of the State of Illinois, Department of Public Works and Buildings, Division of Highways, in District No. 7, with headquarters at Effingham, Illinois. While he was backing a truck toward a storage bin, the truck struck the end of the bin and threw claimant forward against the steering wheel. He alleges that he sustained an injury to his back as a result of this impact. After the accident, however, he continued his work without interruption until May 19th, when he complained of a severe pain while turning a lever of a grader. He was taken to his home, but returned to work the following day. He was then given light work at the district garage where he continued until May 24. He was formally discharged as an employee of the Division on May 26, 1941.

On June 6, at the request of the respondent, claimant was treated by Dr. J. W. Gillesby of Effingham; on June 10th an x-ray was taken of claimant's back with revealed no fracture or bone injury. Claimant, however, continued to complain of pain and on July 8th was sent to Chicago and placed under the care of Dr. H. B. Thomas, Professor of Orthopedics, University of Illinois Medical College, where he remained until August 1st. On September 14th he resumed treatment with Dr. Thomas, and on September 19th Dr. Thomas reported to the Division as follows:

"Mr. Virgil White has had four physiotherapy treatments and feels improvement. The leg does not trouble him as much now as it did before he returned to us this last time. He has requested to go home. I believe it is a reasonable request and that he is able to go to work. There is a disuse atrophy of the muscles of the back and their strength should be built up gradually and cautiously with physical efforts accompanying his work. We find no objective symptoms."

Claimant has received compensation for temporary total disability from May 25th to September 21st, 1941, inclusive, in the amount of $280.64. Respondent has also paid on account of medical services for claimant the sum of $238.58. At the time of the alleged injuries, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State; notice and claim for compensation were made within the time provided by the Act.

Claimant testified that after the second accident, in June 1941, at Dr. Gillesby's suggestion, he obtained work at the Ford Motor Company, at Detroit, Michigan, but was unable to continue after the fourth day because of the pain in his

back. Between August 1 and September 14, he worked for the Vulcan Last at Effingham, Illinois, but after two weeks found he could not stand on the floor all day. In November, 1941, he again went to work for the Vulcan plant but could not do physical labor. He also testified he had been asked to return to the Ford Motor Company, and has been asked to report for work at a camp near Detroit, Michigan, but had accepted neither of these offers because he felt he had not been released by the doctors, and because his back hurt him whenever he tried to work.

Dr. Gillesby, who first treated claimant on June 6, 1941, diagnosed his condition as traumatic myositis of the right lumbar muscle. The doctor testified that the symptoms were subjective and that he had to go by what claimant said. "The symptoms were merely subjective; that is, only what the patient tells. You couldn't tell them by laboratory tests." Dr. Gillesby stated further: "The x-ray man reported that x-rays were negative for essential pathology of the bones and joints. The x-rays did not show anything on muscle tear." Dr. H. B. Thomas, who treated claimant after July 1, 1941, likewise reported that he could find no objective symptoms of any kind.

Claimant cannot prove his case by subjective symptoms only. Section 8, Sub-section (i) (3) of the Workmen's Compensation Act of this State provides:

All compensation payments named and provided for in paragraphs (b), (c), (d), (e) and (f) of this section, shall mean and be defined to be for injuries and only such injuries as are proven by competent evidence, of which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself.

Neither claimant's own testimony, nor the medical testimony, shows any objective condition or symptom. The evidence fails to satisfy the requirements of this section of the Act.

The motion of the respondent to dismiss is therefore granted and an award denied.